IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Mark Taylor, | ) | |
| | ) | |
| Plaintiff, | ) | C/A No. 2:04-498-18 |
| | ) | |
| vs. | ) | |
| | ) | **ORDER and OPINION** |
| Aetna Life Insurance Company, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## I.    BACKGROUND

Plaintiff Mark Taylor brought this action in response to defendant Aetna Life Insurance Company's decision to terminate his long-term disability benefits.  Plaintiff participates in an employee welfare benefit plan established by his former employer National Welders Supply, Inc.  Defendant administers the plan, which provides short and long-term disability benefits.  On January 7, 2001 plaintiff was awarded short-term benefits following an injury the previous December.  Plaintiff was awarded long-term benefits commencing on April 7, 2001.  In March 2003 defendant notified plaintiff that his benefits were terminated effective April 7, 2003.[1]  Defendant advances two reasons for the termination: (1) the policy benefits are limited to 24 months when the disability is caused to any extent by a mental condition, and (2) plaintiff did not meet the policy definition of "total disability."  Either reason is sufficient to terminate the benefits. Pursuant to a consent specialized case management order, the parties submitted a joint

---

[1] The parties have submitted almost 500 pages of records, notes and correspondence documenting plaintiff's medical conditions.  Considering the narrow basis for the court's holding, the court will not recite the factual history of plaintiff's diagnoses and treatment.

stipulation of facts and opposing memorandums in support of judgment.  Administrative remedies have been fully exhausted.

## II.     STANDARD OF REVIEW

The parties stipulate that the issue before the court is "whether defendant, under the applicable standard of review, abused its discretion when it terminated plaintiff's disability benefits and refused to continue paying benefits under the plan beyond the 24 month period pursuant to E.R.I.S.A., 29 U.S.C. §1132(a)(1)(B)." Joint Stipulation ¶ 8. The parties also agree that the "modified abuse of discretion" standard applies because defendant is both the insurer and fiduciary of the plan. Id. ¶ 3.  Under that standard, the court is to "review the merits of the [defendant's] interpretation to determine whether it is consistent with an exercise of discretion by a fiduciary acting free of the interests that conflict with those of the beneficiaries." Ellis v. Metro. Life Ins. Co., 126 F.3d 228, 233 (4th Cir. 1997) (quoting Bedrick v. Travelers Ins. Co., 93 F.3d 149, 152 (4th Cir. 1996)). The more incentive a defendant has to benefit from a decision, the more "objectively reasonable the . . . decision must be and the more substantial the evidence must be to support it." Ellis, 126 F.3d at 233.

## III.     ANALYSIS

The relevant provisions of the policy provide, in part:

> This plan will pay a Monthly Benefit for a period of total disability caused by a disease or accidental bodily injury.
> . . .
> **Total Disability**
> You are deemed to be totally disabled while either of the following applies to you:
> • During the period which ends right after the first 24 months benefits are payable in a period of total disability:

2

> You are not able, solely because of injury or disease, to perform the material duties of your own occupation; except that if you start work at a reasonable occupation you will no longer be deemed totally disabled.
>
> • Thereafter during such period of total disability:
>> <u>You are not able, solely because of injury or disease, to work at any reasonable occupation</u>. [emphasis added]
>
> . . .
>
> **<u>A Period of Total Disability</u>**
>
> . . .
>
> Also, a period of total disability will end after 24 monthly benefits are payable if it is determined that the disability is, at that time, caused <u>to any extent by a mental condition</u> . . . described in the most current edition of the Diagnostic and Statistical Manual of Mental Disorders. [emphasis added]

Summary of Coverage (Docs. 5000201 - 203). The mental condition provision limits benefits to 24 months if the disability is caused <u>to any extent</u> by a mental condition. Judicial review of the identical provision in other cases has found no abuse of discretion where a disability was caused, <u>at least in part</u>, by a mental condition. See <u>Bergquist v. Aetna U.S. Healthcare</u>, 289 F. Supp. 2d 400 (S.D.N.Y 2003) (disentitling plaintiff to more than 24 months of benefits because substantial evidence showed disability caused "at least in part" by mental condition). In the case at bar, numerous documents support defendant's decision to terminate benefits based on that provision. Plaintiff's short-term disability application only addresses mental conditions and states "major depression, panic disorder" as the nature of his illness. (Doc. 5000470.) His long-term disability application listed "cirrosis of the liver" and "major depression" as the nature of the illnesses underlying the claim. (Doc. 5000446.) Defendant's medical director noted plaintiff's "primary impairing condition was his depression." (Doc. 5000274). Both plaintiff's primary care physician and psychiatrist note that mental conditions (depression

and/or panic disorder) were at least a factor in his disability. (Docs. 5000401, 5000452, 5000247.)  In July 2003, plaintiff's physician considered plaintiff "totally and permanently disabled because of the depression and the hepatitis C."  (Doc. 5000247.)  After the expiration of the benefits, plaintiff's own affidavit noted "there is no way I could return to my job . . . either physically or mentally." (Doc. 5000243.)  Ample documentation, from both before and after the termination of the benefits, supports defendant's conclusion that the disability was due at least in part to mental conditions.

Plaintiff's application of the "mental condition" provision is inconsistent with the record.  He suggests that he has established a different basis for those benefits (i.e., physical) after the expiration of the 24 month period.  See Pl.'s Mem. in Sup. of J. at 23.  However, several documents made soon before or after the termination of benefits state that plaintiff's mental condition was a factor causing his disability.[2]  Only one evaluation suggested that plaintiff's psychiatric condition was resolved.[3]  With such documentation, the court cannot conclude that defendant abused its discretion when it terminated benefits based on the "mental condition" provision.

As the mental condition provision provides ample basis to terminate plaintiff's benefits, the court need not address plaintiff's additional objection.

_____

[2] Plaintiff's affidavit, September 2, 2003 (Doc. 5000243); plaintiff's physician letter, July 22, 2003 (Doc. 5000247); attending physician's statement, August 4, 2003 (Doc. 5000251); evaluation by plaintiff's psychiatrist, January 23, 2003 (Doc. 5000401); evaluation by defendant's medical director, March 13, 2003 (Doc. 5000274).

[3] Evaluation by independent psychiatrist, September 26, 2003 (Doc. 5000229).

**IV.**     **CONCLUSION**

For the reasons stated above, it is therefore **ORDERED** that judgment be entered in favor of defendant.

     **AND IT IS SO ORDERED.**

_____

**DAVID C. NORTON**

**UNITED STATES DISTRICT JUDGE**

**June 23, 2005**

**Charleston, South Carolina**

5